## BOARD OF COM'RS OF ATOKA COUNTY v. WILLS et al.

No. 21396. Opinion Filed Oct. 18, 1932.

H. H. Cook, for plaintiff in error.

Ralls & Ralls, for defendants in error.

CULLISON, J. Plaintiffs, some 139 individuals, instituted suit against the board of county commissioners of Atoka county, seeking to have the action of said board, wherein the board established live stock district No. 5 in said county, declared null and void and election held in said district held null and void. Plaintiffs allege in their petition that the inclusion of town of Stringtown in said stock district and committing the citizens of said town to vote in said election was a matter not within the jurisdiction of the board of county commissioners.

Defendant, board of county commissioners, demurred to the petition, which demurrer was overruled, and defendant chose to stand upon its demurrer, whereupon judgment was rendered against the board of county commissioners as prayed for by plaintiffs, and defendant appeals to this court.

Defendant briefed said cause in this court, but plaintiffs wholly failed to file their brief in said cause. After checking the record in said cause, we feel that the demurrer of defendant should have been sustained. Plaintiffs have not seen fit to brief said matter and furnish this court with the law substantiating their cause of action as alleged in their petition, and we see no good reason to remand said cause to the lower court for a new trial, because the same proceedings would probably occur as occurred previously.

In the case of City National Bank v. Coatney, 122 Okla. 233, 253 P. 481, this court held:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error."

The above authority is decisive of the question in the case at bar. The judgment of the lower court overruling defendant's demurrer is reversed and said cause remanded to the lower court, with directions to sustain defendant's demurrer.

LESTER, C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. RILEY and ANDREWS, JJ., absent.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.